UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA

EDDIE LEE MOON

    Plaintiff,

vs.

AVANTE AT MELBOURNE, INC.,


    Defendant.

_____/

**COMPLAINT**

    Plaintiff, EDDIE LEE MOON ("MOON"), hereby sues Defendant, AVANTE AT MELBOURNE, INC. ("AVANTE") and as grounds therefore, Plaintiff alleges as follows:

**PARTIES, JURISDICTION, AND VENUE**

    1.    This action arises under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et. seq.*, the Civil Rights Act of 1991, 42 U.S.C. 1981, and the Florida Civil Rights Act (FCRA) Florida Statutes § 760.01 *et seq.*

    2.    Jurisdiction is invoked pursuant to 42 U.S.C § 2000e-5(f), 28 U.S.C. §§ 1331, 1343, and 1367.

    3.    Costs and attorneys' fees may be awarded pursuant to 42 U.S.C. § 2000e-5(k) and Florida Statutes § 760.11(5).

    4.    Venue properly lies in the Middle District of Florida pursuant to 28 U.S.C. § 1391(b) and 42 U.S.C. § 2000e-5(f)(3), and because the unlawful employment practice was committed in this judicial district.

    5.    At all times material hereto, Plaintiff, a male, was a citizen and resident of the United States, residing in Brevard County, Florida.

6.  At all times material hereto, Defendant was a Florida Corporation.

7.  At all times material hereto, Defendant was an employer within the meaning of 42 U.S.C. § 1981, 42 U.S.C. § 2000e(b), Florida Statutes § 760.02(7) and Florida Statutes § 448.101(3).

8.  At all times material hereto, MOON was an employee of AVANTE within the meaning of 42 U.S.C. § 1981, 42 U.S.C. § 2000e(f) and Florida Statutes § 760.10(1)(a), and Florida Statutes § 448.101(2)

9.  At all times material hereto, MOON has been an aggrieved person within the meaning of Florida Statutes § 760.02(10).

## CONDITIONS PRECEDENT

10. On December 3, 2019 MOON filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission and Florida Commission for Human Relations (FCHR) Charge No. 210-2020-00966 alleging that he had been subjected to discrimination by Defendants. A copy of this Charge of Discrimination is attached hereto as Exhibit "A".

11. Plaintiff has fulfilled all conditions precedent to the institution of this action under 42 U.S.C. § 2000(e). A Notice of Right to Sue was issued by the Equal Employment Opportunity Commission (EEOC) on November 5, 2020, a true and correct copy of which is attached hereto as Exhibit "B".

12. As of January 27, 2021, more than one Hundred and Eighty (180) days have passed since the filing of MOON's Charge of Discrimination without the FCHR having issued a determination within the meaning of the Florida Civil Rights Act concerning MOON's Charge of Discrimination. As a result, pursuant to Florida Statutes § 760.11(8), which provides that in the

event that the FCHR fails to conciliate or determine whether there is reasonable cause on any complaint under this section within 180 days of the filing of the complaint, an aggrieved person may file a civil action "as if the commission determined that there was a reasonable cause," MOON has exhausted all administrative remedies under the Florida Civil Rights Act.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

13. MOON is a Florida licensed practical nurse ("LPN"). He was initially hired by AVANTE as a floor nurse in March 2019. At all material times herein, MOON was supervised by AVANTE's assistant director of nursing BIANCA FOSTER ("FOSTER").

14. From the moment he began his employment at AVANTE, FOSTER began flirting with MOON which led to the initiation of a consensual sexual relationship during the term of MOON's employment with AVANTE.

15. MOON's performance of his duties at AVANTE were exemplary and in a few short months, MOON was promoted on or about July 19, 2019 to the position of Unit Coordinator for the South Unit. This managerial position put MOON in charge of 12 certified nursing assistants and three LPN floor nurses.

16. Within weeks of his promotion, MOON decided to end the relationship with FOSTER. In August of 2019, MOON informed FOSTER that he was terminating the relationship. FOSTER did not want the relationship to end and asked MOON to continue the relationship by continuing to sexually flirt with MOON to entice him to continue the relationship, despite his firm rejections.

17. On August 26, 2019, FOSTER called MOON during his working hours and asked him to take her to the airport. MOON refused and stayed at work, making it clear to FOSTER that MOON was serious and would not change his mind. That weekend, FOSTER, furious at MOON, became determined to fire him. When FOSTER returned from her weekend trip, she set in motion a scheme to have MOON fired.

18. FOSTER conspired with AVANTE Advance Registered Nurse Practitioner, INGRID LOVELACE ("LOVELACE") to have MOON fired. LOVELACE was FOSTER's closest friend at AVANTE and FOSTER's confidant. LOVELACE and FOSTER concocted a scheme which arose when MOON contacted LOVELACE to request medication provide to a patient; and then once MOON completed the task exactly as requested by LOVELACE, LOVELACE and FOSTER fabricated a libelous story that MOON "falsified a physician's order on a medication order." The medication was halted by the pharmacy and was not given to the patient as it would have resulted in an overdosage of the medication.

19. On or about September 9, 2019 FOSTER took the false and pre-textual statement she devised with LOVELACE, wrote up a disciplinary complaint against MOON, and quickly transmitted it to AVANTE senior management.

20. Based solely on the word of LOVELACE and disregarding MOON's denial, AVANTE fired MOON on or about September 24, 2019. MOON was discharged because he refused to re-establish a sexual relationship with FOSTER.

21. The reasons proffered by the Defendant for terminating MOON were false and pretextual.

22. All conditions precedent to the institution of this action have either occurred or been waived.

## COUNT I VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
## GENDER DISCRIMINATION

23. MOON incorporates and realleges the allegations in paragraphs 1 through 22 of this Complaint as if fully set forth herein.

24. Plaintiff's employment was terminated because of his gender in violation of Title VII, whereby he has suffered both irreparable injury and compensable damages unless and until this Court grants relief.

25. As a direct and proximate result of the foregoing, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish. As a direct and proximate result of such actions, Plaintiff has been, is being and will in the future, be deprived of income in the form of wages and of prospective benefits due to the Plaintiff solely because of Defendant's conduct.

26. Defendant's violations of Title VII of the Civil Rights Act of 1964, as amended, were intentional and undertaken with malice and reckless disregard for MOON's rights as guaranteed under the laws of the United States. As such, MOON is entitled to punitive damages against the Defendant pursuant to 42 U.S.C. § 1981a(a)(1).

**WHEREFORE**, Plaintiff, EDDIE LEE MOON demands judgment for damages against Defendant for back pay, employment benefits, other compensation including bonuses, compensatory damages, punitive damages, equitable relief including but not limited to front pay,

interest, attorneys' fees, costs, expert fees, and such other and further relief as this Honorable Court deems proper.

## COUNT II VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 RETALIATION

27. Plaintiff incorporates and realleges the allegations in paragraphs 1 through 22 of this Complaint as if fully set forth herein.

28. As a result of the retaliation, Plaintiff has suffered both irreparable injury and compensable damages unless and until this Court grants relief.

29. On numerous occasions during his employment with the Defendant, MOON rejected unwanted and unwelcome sexual advances and harassment.

30. By objecting to and rejecting FOSTER's repeated unwelcome sexual advances towards Plaintiff, MOON engaged in activity protected by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-3.

31. As a result of MOON objecting to and/or rejecting FOSTER's repeated unwelcome sexual advances toward Plaintiff, Defendant engaged in retaliatory conduct towards MOON which included but was not necessarily limited to creating pretextual bases to erroneously portray MOON as an unsatisfactory employee and ultimately terminating MOON's employment.

32. This unlawful retaliation was sufficiently severe and pervasive to alter the terms, conditions, and privileges of MOON's employment with Defendant.

33. MOON's objections to FOSTER's unwanted sexual advances and sexual harassment were a motivating factor behind Defendant's retaliation and decision to terminate MOON's employment in violation of 42 U.S.C. § 2000e-3.



**QUARANTA P.A.**
**TRIAL LAWYERS**
1600 Ponce de Leon Blvd., 10th Floor   Coral Gables, Florida 33134
Telephone 305.930.6077

34.     These violations by Defendant were intentional and done with malice and reckless disregard for MOON's rights as guaranteed under Title VII of the Civil Rights Act of 1964, as amended.

35.     MOON has suffered and continues to suffer loss of earnings, emotional damages, loss of self-esteem, and other injuries and damages as a direct result of the Defendant's violations.

36.     Pursuant to 42 U.S.C. § 2000e-5(k), MOON is entitled to reasonable attorneys' fees and costs as the prevailing party in this action to be paid by Defendant.

**WHEREFORE**, Plaintiff, EDDIE LEE MOON demands judgment against the Defendant for back pay, employee benefits, other compensation including bonuses, compensatory and other damages and relief including but not limited to front pay, interest, attorneys' fees, costs, expert fees, and such other and further relief as this Honorable Court deems proper.

### COUNT III VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT GENDER DISCRIMINATION

37.     Plaintiff incorporates and realleges the allegations in paragraphs 1 through 22 of this Complaint as if fully set forth herein.

38.     Plaintiff's employment was terminated because of his gender in violation of the Florida Civil Rights Act, Fla. Stat. § 760.10, whereby he has suffered both irreparable injury and compensable damages unless and until the Court grants relief.

39.     As a direct and proximate result of the foregoing, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish. As a direct and proximate result of such actions, Plaintiff has been, is being, and will in the future, be deprived of

income in the form of wages and of prospective benefits due to the Plaintiff solely because of Defendant's conduct.

40. Defendant's violations of the Florida Civil Rights Act were intentional and undertaken with malice and reckless disregard for MOON's rights as guaranteed under the laws of the State of Florida.

41. Pursuant to Fla. Stat. § 760.11(5), MOON is entitled to reasonable attorneys' fees and costs as the prevailing party in this action to be paid by Defendant.

**WHEREFORE**, Plaintiff, EDDIE LEE MOON demands judgment against the Defendant for back pay, employee benefits, other compensation including bonuses, compensatory and other damages and relief including but not limited to front pay, interest, attorneys' fees, costs, expert fees, and such other and further relief as this Honorable Court deems proper.

## COUNT IV VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT
## <u>RETALIATION</u>

42. Plaintiff incorporates and realleges the allegations in paragraphs 1 through 22 of this Complaint as if fully set forth herein.

43. On numerous occasions during his employment with the Defendant, MOON rejected unwanted and unwelcome sexual advances and harassment.

44. By objecting to and rejecting FOSTER's repeated unwelcome sexual advances towards Plaintiff, MOON engaged in activity protected by Fla. Stat. §§ 760.10(1)(a) and 760.10(7).

45. As a result of MOON objecting to and/or rejecting FOSTER's repeated unwelcome sexual advances toward Plaintiff, Defendant engaged in retaliatory conduct towards MOON which

included but was not necessarily limited to creating pretextual bases to erroneously portray MOON as an unsatisfactory employee and ultimately terminating MOON's employment.

46. As a result of the retaliation, Plaintiff has suffered both irreparable injury and compensable damages unless and until this Court grants relief.

47. This unlawful retaliation was sufficiently severe and pervasive to alter the terms, conditions, and privileges of MOON's employment with Defendant.

48. MOON's objections to FOSTER's unwanted sexual advances and sexual harassment were a motivating factor behind Defendant's retaliation and decision to terminate MOON's employment in violation of Fla. Stat. §§ 760.10(1)(a) and 760.10(7).

49. These violations by Defendant were intentional and done with malice and reckless disregard for MOON's rights as guaranteed under the Florida Civil Rights Act.

50. MOON has suffered and continues to suffer loss of earnings, emotional damages, loss of self-esteem, and other injuries and damages as a direct result of the Defendant's violations.

51. Pursuant to Fla. Stat. § 760.11(5), MOON is entitled to reasonable attorneys' fees and costs as the prevailing party in this action to be paid by Defendant.

**WHEREFORE**, Plaintiff, EDDIE LEE MOON demands judgment against the Defendant for back pay, employee benefits, other compensation including bonuses, compensatory and other damages and relief including but not limited to front pay, injunctive relief, interest, attorneys' fees, costs, expert fees, and such other and further relief as this Honorable Court deems proper.

EDDIE LEE MOON demands trial by jury on all issues so triable.

Dates this 29th day of January, 2021.

*Eddie L. Moon v. Avante*
*Complaint*
*Page 10*

Respectfully submitted,

QUARANTA P.A.
1600 Ponce de Leon Blvd.
10th Floor
Coral Gables, FL 33134
Telephone 305.930.6077
By:*/s/ John M. Quaranta*
JOHN M. QUARANTA (FBN 940641)
Email: john.quaranta@quaranta.law
NATASHA L. BIELA (FBN 1024880)
Email: natasha.biela@quaranta.law
Secondary: kristine.rodriguez@quaranta.law

*Co-Counsel for the Plaintiff*

**MAGUIRE & FRIEND P.A.**
Michael Maguire
5975 Sunset Dr., Suite 502
Miami, FL 33143
Phone: 305.443-0820
Email: Lawpro70@aol.com
FBN 128353

*Co-Counsel for the Plaintiff*

